IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Mark Morton,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:09cv742 (GBL/IDD) |
| | ) |
| Gene M. Johnson,<br>    Respondent. | )<br>) |

FILED
AUG 1 0 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Mark Morton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder and other offenses in the Arlington County Circuit Court. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Morton was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a brief in opposition to respondent's arguments. For the reasons that follow, Morton's claims must be dismissed.

### I. Background

On March 20, 2002, following a jury trial, Morton was convicted of first degree murder and use of a firearm in the commission of a felony in the shooting death of Antonio Leftwich. Case No. CR02-171 and CR02-172. On that same day, Morton pleaded guilty to a charge of possession of a firearm after having previously been convicted of a violent felony. Case No. CR02-173; see Resp. Ex. 8, n. 1; Resp. Ex. 16, ¶ 1. Morton was sentenced to a term of imprisonment of fifty-three (53) years plus a fine of $5,000 on the murder conviction, plus an

additional term of three (3) years incarceration for the unlawful use of a firearm. Resp. Ex. 1. He also received a sentence of five (5) years in prison for the conviction of felon in possession of a firearm. Id.

On February 6, 2003, Morton filed a petition for a state writ of habeas corpus in the trial court, directed solely to the guilty plea conviction of felon in possession. He argued in that proceeding that: (1) he was incompetent when he entered his guilty plea; and (2) ineffective assistance of counsel resulted in his sentence being imposed pursuant to the wrong sentencing guidelines. Resp. Ex. 2. On January 23, 2004, the circuit court denied Morton's claims on the merits, Resp. Ex. 4, and Morton took no appeal of that result.

On August 27, 2003, Morton submitted a petition for a writ of habeas corpus to the Arlington County Circuit Court, this time directed to his jury convictions of murder and use of firearm in the commission of a murder. Morton argued solely that he had been denied due process in that he had not exhausted his appellate remedies, and the Commonwealth did not oppose that position. Resp. Ex. 5 - 6. On his ensuing delayed appeal, Morton made the following claims:

> 1. The trial court erred in granting the Commonwealth's motion in limine limiting the defense from eliciting testimony as to the decedent's prior bad acts, character or propensity for violence until the defense could make a showing of some overt act on decedent's part that would be a basis for self-defense.
>
> 2. The trial court erred in giving the Commonwealth's proposed jury instruction.
>
> 3. The trial court erred in striking language regarding mutual combat from a proposed jury instruction.

2

> 4. The trial court erred in denying the defense motions to strike and set aside the verdict where the evidence showed as a matter of law that defendant was not at fault in rasing the issue of self-defense and had a right to employ deadly force.

Resp. Ex. 8. On April 20, 2006, Morton's petition for appeal was denied on the merits. Morton v. Commonwealth, R. No. 2032-05-4 (Va. Ct. App. Apr. 20, 2006). Resp. Ex. 10. The Virginia Supreme Court subsequently refused Morton's petition for further review. Morton v. Commonwealth, R. No. 061023 (Va. Sept. 25, 2006). Resp. Ex. 13.

On December 29, 2006, Morton filed an application for a state writ of habeas corpus, raising the following issues:

> 1. He received ineffective assistance of counsel when no motion for mistrial was made after spectators in the courtroom harassed a Commonwealth witness as he was testifying.
>
> 2. He received ineffective assistance of counsel when his attorney failed to preserve for appellate review the question of whether the jury attributed the presence of the intimidating spectators to Morton.
>
> 3. He received ineffective assistance when his counsel failed to call an important fact witness because it would have made the trial longer and interfered with a case she was trying in another jurisdiction.
>
> 4. The evidence was insufficient to sustain his conviction of murder.
>
> 5. The trial court erred in failing to investigate whether the jurors noticed the harassing spectators and whether that caused them to be biased against Morton.

Resp. Ex. 14. On August 13, 2007, the Commonwealth's motion to dismiss Morton's petition

was granted with respect to the conviction of felon in possession of a firearm, because Morton's first state habeas corpus petition had made substantive allegations against that conviction and was denied on the merits. Therefore, additional substantive claims against that conviction were procedurally barred by Va. Code § 8.01-654(B)(2), which provides in pertinent part that "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Resp. Ex. 16.

After permitting the Commonwealth an opportunity to respond, the court also dismissed Morton's remaining claims as barred by Va. Code § 8.01-654(B)(2). In its Order, the court explained that Morton's initial state habeas corpus petition was filed in 2003. At that time, § 8.01-654(B)(2) was construed according to Dorsey v. Angelone, 261 Va. 601, 604, 544 S.E. 2d 350, 352 (2001), which held that "at the time of filing the initial petition, the prisoner must include 'all' claims the facts of which are known to the prisoner ... [N]o habeas relief will be granted based upon 'any' allegation the facts of which the prisoner had knowledge at the time of filing any previous petition." That provision was amended in 2005 to allow a petitioner to apply for a second writ of habeas corpus when his first petition alleged only the denial of the right to pursue a direct appeal from a final judgment. However, because retroactive laws are disfavored and Morton failed to demonstrate that the legislature had a contrary intent when it amended § 8.01-654(B)(2), the court determined that "Morton's petition, filed approximately two (2) years before the statutory amendment, was governed by the rule enunciated in Dorsey ... Accordingly, his claims are barred pursuant to Va. Code § 8.01-654(B)(2)." Resp. Ex. 18 at ¶¶ 9 - 11. The Virginia Supreme Court refused Morton's petition for appeal of that decision without reasoned explanation. Morton v. Johnson, R. No. 090181 (Va. Apr. 30, 2009). Resp. Ex. 20.

On June 2, 2009, Morton filed the instant petition for writ of habeas corpus pursuant to § 2254.[1] Morton subsequently was granted leave to submit an amended petition in which he reasserted the same claims he raised in the initial petition but set out "more accurate detail and previous filing information." Specifically, Morton contends that:

1. He received ineffective assistance of counsel when no motion for mistrial was made after spectators in the courtroom harassed a Commonwealth witness as he was testifying.

2. He received ineffective assistance of counsel when his attorney failed to preserve for appellate review the question of whether the jury attributed the presence of the intimidating spectators to Morton.

3. The trial court erred in failing to investigate whether the jurors noticed the harassing spectators and whether that caused them to be biased against Morton.

Am. Pet.

On November 24, 2010, respondent filed a Rule 5 Answer and a Motion to Dismiss Morton's claims, along with a supporting brief and exhibits. Respondent provided petitioner with notice pursuant to Roseboro, 528 F.2d at 309, and Morton filed a brief in opposition to respondent's arguments. As Morton's petition appears to have been filed timely pursuant to 28 U.S.C. § 2244 and the respondent acknowledges that the claims are exhausted,[2] the petition is

---

[1] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, petitioner certified that he placed his petition in the prison mailing system on June 2, 2009, Pet. at 15, and the Court received the petition on June 30, 2009. Pet. at 1.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the

ripe for review.

## II. Procedural Bar

As respondent argues, the claims of this petition are procedurally barred from federal review. The same claims were presented to the state courts in Morton's December 29, 2006, application for a state writ of habeas corpus, and the circuit court held expressly that they were defaulted as successive pursuant to Va. Code § 8.01-654(B)(2). The Virginia Supreme Court subsequently refused Morton's petition for review of that determination. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). Here, both of those requirements are met by the Arlington County Circuit Court's express holding that the claims Morton raises here were defaulted in the state forum as successive. Therefore, those claims likewise are procedurally barred from federal review.

When a habeas corpus claim was procedurally defaulted in the state forum, federal courts may not review it absent a showing of cause and prejudice or a fundamental miscarriage of

---

exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

6

justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In this case, petitioner argues that his claims should not be deemed procedurally barred because the holding of the Arlington County Circuit Court was "ambiguous," essentially because the claims at issue here were not dismissed as barred outright, but instead only after the state was allowed to respond to them. (Docket # 14). However, contrary to petitioner's argument, the circuit court's determination that the claims were successive and hence defaulted was clear and express. Because its order was the last reasoned state court decision on the claims, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Under these circumstances, Morton has failed to show cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Cf. Harris, 489 U.S. at 260. Therefore, the claims of this petition are procedurally barred from federal consideration on the merits.

## III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this __10th__ day of __August__ 2010.

Alexandria, Virginia

                                            /s/
                                   **Gerald Bruce Lee**
                                   **United States District Judge**